[No. 5156. Decided March 29, 1905.]

FREDERICK KAKELDY, *Appellant,* v. THE COLUMBIA &
PUGET SOUND RAILROAD COMPANY, *Respondent.*[1]

RAILROADS—NUISANCE—STREETS—AUTHORITY TO USE—ACQUI-
ESCENCE OF ABUTTING OWNERS—VACATION OF STREET. An abutting
owner who purchased his lot after the vacation of part of the
street and the construction there of a railroad track, and acqui-
esced for years in the operation and improvement of the railroad,
cannot object to the operation of the road as a public nuisance,
because of want of original authority to use the street, since the
street had been vacated, and since the company, as a common
carrier, possessed of the right of eminent domain, was under
obligation to continue its duties to the public as such.

MUNICIPAL CORPORATIONS—STREETS—VACATION—DISCRETION OF
CITY COUNCIL. The vacation of a street is a legislative question
and within the discretion of the city council, and will not be
disturbed in the absence of an abuse of discretion, or where the
owners of abutting property may have requested such vacation.

SAME—BURDEN OF PROOF AS TO CHARACTER OF STREET—VACATION
—PLEADING—AMENDMENT OF ANSWER. In an action to enjoin the
use of a public street for railway purposes, in which the

[1]Reported in 80 Pac. 205.

answer denied that the place was a public street, the burden of proof as to that fact is upon the plaintiff, and hence it is not error to permit a trial amendment to the answer setting up an ordinance vacating the place as a street prior to its use for railway purposes, the vacation being a matter of public record.

RAILROADS—ACQUIESCENCE OF LAND OWNER IN CONSTRUCTION—DAMAGES — INJUNCTION—ESTOPPEL.　After acquiescence in the construction and operation of a railroad, the remedy of a land owner is limited to compensation in damages, and he is estopped to enjoin its operation.

SAME—TRESPASS—DAMAGES NOT RUNNING WITH LAND—SUBSEQUENT PURCHASERS.　Damages to a land owner, by the construction and operation of a railroad by a common carrier possessing the power of eminent domain, are in the nature of compensation for a trespass and do not run with the land, and his grantee takes the land subject to the burden, and cannot enjoin the operation of the road.

SAME—EVIDENCE OF DAMAGE TO SUBSEQUENT PURCHASER.　A party purchasing land after the construction of a railroad thereon, suffers no injury from the fact that the trains were thereafter heavier and the track had been standardized by spreading the rails upon the same ties, no more land being occupied.

Appeal from a judgment of the superior court for King county, Joiner, J., entered December 11, 1903, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, dismissing an action to enjoin the operation of a railroad upon land claimed by plaintiff. Affirmed.

*H. E. Foster,* for appellant.

*C. H. Farrell* and *Piles, Donworth & Howe,* for respondent.

HADLEY, J.—This action was brought to enjoin the defendant from operating its trains upon its railway track, along what is alleged to be a portion of Eighth avenue south, in the city of Seattle. It is averred that said avenue is a public street, and that a lot owned by the plaintiff abuts thereon, and, further, that a part of the objectionable

place of operation is upon a portion of plaintiff's lot. It is alleged that the defendant unlawfully, and without right or authority, has constructed and is operating its road at said place, thereby obstructing the plaintiff's access to his premises, and otherwise damaging his property. In addition to an injunction, he demands damages.

The amended answer alleges that, more than twenty years prior to the commencement of the action, the defendant and its predecessors entered into the adverse possession of the premises described in the complaint, as now occupied by the defendant, constructed a railroad thereon, and ever since said time have been in the actual, open, and notorious possession thereof; that, if the plaintiff ever acquired title to any part of the lot described in the complaint, it was acquired by purchase after the construction of said railroad, and with full knowledge, at the time he so acquired it, that the defendant was in possession of the land occupied by its track and roadbed, and was engaged in operating its road at said place; that for more than ten years the plaintiff stood by and saw defendant operate and improve its railway, and made no protest against its doing so; by reason of which he is now estopped from maintaining the action. It is further averred that, by ordinance of the city of Seattle, passed June 15, 1886, and published the following day, the city vacated that portion of said street upon which the plaintiff's property abuts, and that, if the plaintiff ever acquired title to any part of the lot, it was acquired by purchase long after the enactment of said ordinance. The cause was tried by the court without a jury, resulting in a judgment denying an injunction, and dismissing the action. The plaintiff has appealed.

It is first urged that the court erred in overruling the appellant's demurrer to the second and third defenses of

respondent's answer. It is argued that the averments of the answer show that the railroad and its operation constitute a public nuisance, in that it is not made to appear that the respondent has at any time been authorized to use the street. *Schwede v. Hemrich Bros. Brewing Co.,* 29 Wash. 21, 69 Pac. 362, is cited as authority for this contention. That case is unlike the one at bar in important particulars. In the case at bar the respondent is a quasi public corporation, a common carrier, possessing the power of eminent domain. Its railroad was built and in operation before appellant purchased his property. He purchased the property with knowledge of the existence and operation of the railroad, stood by and saw it operated and improved, without objection, and then, after the lapse of years, brought this suit to enjoin its operation. In the *Schwede* case the plaintiff brought the suit against a private corporation, not shown to possess the power of eminent domain, to enjoin the threatened construction of a private railroad spur in what the court found was a public street. In the case at bar the place where respondent's railroad was constructed is not a public street, if, as the answer alleges, it has been vacated. Other authorities cited by appellant relate to locations admittedly in public streets.

It is contended that the city had no authority to vacate the street and deprive an abutting property owner of access to his property. Appellant was not at that time an abutting owner. The question whether the street should be vacated or not was one for legislative decision, resting with the city council. Discretion in the premises was vested in the council, and, unless that discretion was abused, the courts will not interfere. Elliott, Roads and Streets (2d ed.), § 879. For aught that appears, the then abutting owners may have requested the city to vacate the street. We think the court did not err in overruling the demurrer to the answer.

Error is urged upon the action of the court in striking certain interrogatories, submitted by appellant for respondent to answer. They related chiefly to the original authority by which respondent occupied the place mentioned with its railroad. We think no prejudicial error resulted from striking the interrogatories. The fact was already known to appellant that respondent had, for many years, occupied the ground for the operation of a railroad, as a common carrier. It was, therefore, under duties and obligations to the public to continue the operation, and those duties it could neither evade nor discontinue. *State ex rel. Grinsfelder v. Spokane Street R. Co.,* 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739, 41 L. R. A. 515. Appellant cannot, therefore, invoke the method of original occupancy by respondent as a ground for abating the operation of the road on the theory that it is a nuisance.

It is assigned that the court erred in permitting respondent to file an amended answer at the time the cause was called for trial. The modification of the original answer consisted in pleading the ordinance vacating the street. The complaint alleged that it was a public street, and the original answer denied this. The burden of proving that it was a public street was, therefore, upon appellant, and we are unable to see that he was surprised or prejudiced by the introduction in the pleadings of matter which was of public record, and of which he was required to take notice when he alleged that the place was a public street. In any event, the record discloses no such showing as convinces us that the court abused its discretion in permitting the amendment.

The principal contention is that the court erred in refusing to grant the injunctive relief and damages asked. The evidence establishes that an ordinance of the city

council, regularly passed in 1886, declared the street at said place vacated. Appellant purchased the property more than one year after the ordinance of vacation was in effect, and long after the location and construction of the railroad. The deeds under which he claims title are in evidence. They contain no transfer to him of any right of action which his grantor may have had against the railroad company, if he had any such. An owner of land, who stands by and without protest sees a railroad constructed thereon, is estopped thereafter to maintain an action in ejectment, or a suit for injunction, to prevent the operation of the road. His remedy is limited to an action for damages for his compensation. *Roberts v. Northern Pac. R. Co.*, 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; *McAulay v. Western Vermont R. Co.*, 33 Vt. 311, 78 Am. Dec. 627; *Provolt v. Chicago etc. R. Co.*, 57 Mo. 256; *Dodd v. St. Louis etc. R. Co.*, 108 Mo. 581, 18 S. W. 1117.

The right of action for the damages, in such a case, belongs to him who was the land owner at the time the railroad company took possession and constructed its road, and his grantee takes the land subject to the burden of the railroad. Such damages, being in the nature of a compensation for trespass, constitute a personal claim in favor of the owner at the time the injury occurred, and they do not run with the land. *Roberts v. Northern Pac. R. Co.*, *supra*; *McFadden v. Johnson*, 72 Pa. St. 335, 13 Am. Rep. 681; *Chicago etc. R. Co. v. Engelhart*, 57 Neb. 444, 77 N. W. 1092; *Maffet v. Quine*, 93 Fed. 347; *Northern Pac. R. Co. v. Murray*, 87 Fed. 648.

"It is well settled that where a railroad company, having the power of eminent domain, has entered into actual possession of land necessary for its corporate purposes, whether with or without the consent of the owner of such lands, a subsequent vendee of the latter takes the land subject to the burthen of the railroad, and the right to pay-

ment from the railroad company, if it entered by virtue of an agreement to pay, or to damages, if the entry was unauthorized, belongs to the owner at the time the railroad company took possession." *Roberts v. Northern Pac. R. Co., supra,* at page 10.

A similar question was considered in *Schuylkill etc. Nav. Co. v. Decker,* 2 Watts (Pa. St.) 343. The court said:

"To the parties proposed to be made defendants, it is a decisive objection that they have not a title to the damages which being in compensation of an injury in the nature of a trespass, could not pass by a conveyance of the land."

It follows that, even if a right to damages ever existed here in favor of the original owner, the appellant cannot recover, since he is not the assignee of such right of action. The court also found that the operation of the road is now substantially as it was when appellant purchased his lot, except that the trains are heavier, and that the track has been changed from narrow to standard gauge. It was also found that, in standardizing the road, no more land was occupied than before, for the reason that the rails were simply spread upon the same ties. These findings are justified by the evidence. We therefore think appellant has not shown any right of action in his favor.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.