[No. 11780.   Department One.   March 24, 1914.]

# P. H. SCHNEBLY et al., Respondents, v. HENRY REHMKE, Administrator etc., Appellant.[1]

PARTIES — INTERVENTION — LEAVE — DELAY OF TRIAL — DISCRETION. Under Rem. & Bal. Code, §§ 202, 203, defining the practice in interventions, and providing that no intervention shall be cause for delay in the trial of the action between the original parties, it is discretionary, after granting an *ex parte* order for an intervention, to strike the complaint, upon objection by the original parties, where the *ex parte* order was made May 31st, and the trial had been set for June 2d, at which time witnesses were present and the trial was ready to proceed but for the intervention.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered June 4, 1913, in favor of the plaintiffs, after striking a complaint in intervention.   Affirmed.

*James Collins Lloyd,* for appellant.

*Bogle, Graves, Merritt & Bogle, Hovey & Hale, E. E. Wager, J. B. Davidson, Pruyn & Hoeffler, O. O. Felkner, Mires & Whitfield, A. L. Slemmons,* and *H. J. Snively,* for respondents.

CHADWICK, J.—Plaintiffs began this action against some one hundred and eighteen defendants.   The issue involved was the use of the waters of a flowing stream, in Kittitas county, for irrigation and domestic use.   The case was set for trial on Monday, June 2, 1913.   On Saturday, the 31st day of May, appellant asked, and was granted, an *ex parte* order allowing him to file a complaint in intervention.   The complaint was served and filed before the case was called for trial.   The contesting parties and their witnesses were present on June 2 and ready for trial, but for the injection of the issue tendered by the complaint in intervention.   A motion was made to strike the complaint in intervention, and after

[1]Reported in 139 Pac. 596.

hearing counsel, the court so ordered. The case proceeded to trial and judgment. The complainant in intervention has appealed, and assigns the order of the court striking his complaint as error.

Many cases are cited holding that the right of an interested party to intervene is not to be denied; that it is the duty of the court to order all parties who have an interest in the subject-matter of the litigation to appear to the end that litigation may not be prolonged or become vexatious. Several of our own cases are cited to sustain appellant's contention, but in all of these cases, *Murne v. Schwabacher Bros. & Co.*, 2 Wash. Terr. 130, 3 Pac. 899; *Thompson v. Huron Lumber Co.*, 4 Wash. 600, 30 Pac. 741, 31 Pac. 25; *Muhlenberg v. Tacoma*, 25 Wash. 36, 64 Pac. 925, the right to intervene had been allowed by the trial court and this court held the intervention to be timely. Our statute, Rem. & Bal. Code, §§ 202, 203 (P. C. 81 §§ 47, 49), after defining the common practice in interventions, seems to have purposely changed the general rule by providing in terms "that no intervention shall be cause for delay in the trial of an action between the original parties thereto." When read in connection with the proviso just quoted, the statute is plain. An intervention may be had upon leave of the court made *ex parte;* service must be made, and the original parties may then raise the issue of delay. If this be not the meaning of the statute, if, when the order is made and the complaint filed and served, there is no jurisdiction to order its dismissal, or a motion to dismiss is such a general appearance on the part of the original parties as to foreclose the right to urge a dismissal, the proviso means nothing and the court is robbed of that discretion to protect the original parties from expense and unwarranted delay which the statute has in terms lodged in the trial judge.

Counsel relies upon the words of the court in *Muhlenberg v. Tacoma, supra,* at page 52:

"If he [the intervenor] has an 'interest in the matter in litigation, or in the success of either of the parties,' he has a right to intervene.' *Coffee v. Greenfield*, 55 Cal. 382. After he has intervened, it is the duty of the court to dispose of the whole matter in controversy between the original plaintiff and defendant and the intervenor so that the interest of the intervenor shall be completely protected. If this was not to follow, the right to intervene would be a barren one."

The question confronting us—that is, the meaning of the proviso—was not before the court in that case. The intervention was complete. The issue was not whether there would be an unwarranted delay, but whether the intervener should have sought his remedy in some other way, and the language quoted, when so applied, is wholesome and states a correct rule of practice.

We have examined the record sufficiently to satisfy us that the court did not abuse its discretion in striking the complaint in intervention. Respondents do not contend that appellant is concluded in any way by the order of the court, except in so far as he has been denied the right to participate in the trial.

Affirmed, without prejudice to the right of appellant to begin and maintain an action to determine his interest in the subject-matter of this action.

CROW, C. J., ELLIS, MAIN, and GOSE, JJ., concur.