[No. 12846.  Department One.  January 7, 1916.]

MINNA DOMRESE et al., Appellants, v. THE CITY OF ROSLYN, Respondent.[1]

WATERS AND WATER COURSES—DIVERSION—INJUNCTION—ESTOPPEL —REMEDY AT LAW.  A landowner who granted a right of way and acquiesced in the construction of a city pipe line across her premises for the purpose of diverting waters for a city water supply cannot, after the completion of the works, maintain an action against the city to enjoin its appropriation of the waters, which were riparian to the land, but will be left to her remedy by action for damages.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered November 19, 1914, in favor of the defendant, in an action to enjoin the diversion of the waters of a stream, tried to the court.  Affirmed.

*O. O. Felkner*, for appellants.

*E. E. Wager* and *Harry L. Brown*, for respondent.

CHADWICK, J.—Appellant Minna Domrese is the owner of a tract of land situate in a mountain canon near the city of Roslyn.  Appellant Hamer is her lessee.

In 1909, respondent put in a system of waterworks.  It took its supply of water from Cedar creek, which flows in the canon and over the lands of appellant Domrese.  The water was taken at a point above, and conducted through a pipe line over and across, her land.  At the time the work was in progress, she objected to the trespass of the city.  After some negotiations, she executed a deed for a right of way for the pipe line and the city completed its work.

In 1914, this action was begun.  Appellant sets up her title, alleging that the city has appropriated the waters of the creek, which is riparian to her land, and asks that respondent be enjoined from a further diversion of the water.  The court below denied this relief upon the ground that the

[1]Reported in 154 Pac. 140.

waters of the stream had not, for a period of ten years, been put to any beneficial use, and upon the ground of equitable estoppel.

We think it unnecessary to inquire whether the judgment of the trial judge can be sustained upon either one of these theories. Granting, but without deciding, that appellant has a cause of action, the only question with which we are concerned is whether she has a remedy in equity. Respondent might, at the time of its trespass, if it was a trespass, have maintained an eminent domain proceeding. It might have condemned all of the interest of the appellants in the waters of Cedar creek. It did not do so, but did complete its water system and put the waters of the stream to a public use.

This court, since the case of *Kakeldy v. Columbia & Puget Sound R. Co.,* 37 Wash. 675, 80 Pac. 205, was decided, has consistently held that injunction will not lie in such cases. The reasoning of that case is that a party who acquiesces in the construction and operation of a public utility is estopped to maintain ejectment or a suit for injunction, but will be left to his action for damages.

In *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820, the deeper principle is adverted to; that is, that the wrong lies not in the taking but in the manner of the taking, for the taking, whether done directly or indirectly, is an exercise of a sovereign power. We held squarely that where one having a right to condemn property

". . . is about to take possession without condemnation, injunction is a proper remedy; where there has been a taking and the public function is being exercised, the only remedy is to take compensation. Whether we call the taking a tort, or say that the claimant can waive the tort and sue on an implied contract, it makes no difference; the law is the same. The constitutional right to compensate cannot be taken away, for the right to redress the wrong does not and cannot be made to depend upon statute law. The remedy is

in the courts having jurisdiction to redress wrongs under the forms of the common law."

In *Thorberg v. Hoquiam*, 77 Wash. 679, 138 Pac. 304, an injunction was sought upon a similar state of facts. We said:

"Plaintiffs' only remedy in this case is to recover damages. They cannot enjoin the work. They permitted the city to begin and prosecute the work until near completion and must now seek their remedy at law."

In *Stewart v. Fitzsimmons*, 86 Wash. 55, 149 Pac. 659, we likened the right to claim a homestead to the act of a city taking property for a public use without first resorting to an eminent domain proceeding. We said:

"The right of Peter A. Peterson to claim a homestead being referable to the sovereign power of the state, the case falls within the principle announced by this court in holding that the state, or any of its instrumentalities, having power to exercise the right of eminent domain, would not be ousted as for trespass after taking property and before ascertaining the damages to be paid; this, upon the theory that a right to take is a sovereign right and that the remedy in damages was open to the aggrieved party under the forms, modes and usages of the common law. *Kincaid v. Seattle*, 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Casassa v. Seattle*, 75 Wash. 367, 134 Pac. 1080."

The wrong to appellants, if any, being not in the taking but in the manner of taking, and the work being done, it follows that equity will afford no remedy.

Judgment of the lower court is affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.