[No. 13230.   Department Two.   April 5, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.
ANDREW P. HALS, *Appellant*.[1]

FISH —LICENSES — REVOCATION — REPEAL OF STATUTE — PROPERTY
RIGHTS. The right to take fish and to a fishing location and to the
renewal of licenses therefor, by virtue of a survey, location and oc-
cupancy pursuant to Rem. & Bal. Code, § 5214, is not a property
right nor anything more than a mere revocable license, which was
lost on repeal of that section by the fisheries code, Laws 1915, p.
73, § 20.

CONSTITUTIONAL LAW—SPECIAL PRIVILEGES — FISH — REGULATION.
The fisheries code of 1915 (Laws 1915, p. 67) is not unconstitutional
as discriminatory between persons, in that it prohibits gill net fish-
ing and other appliances other than hook and line in certain por-
tions of some of the rivers flowing into Puget Sound, and allows it
in others.

Appeal from a judgment of the superior court for Sno-
homish county, Alston, J., entered October 11, 1915, upon a
trial and conviction of unlawful fishing. Affirmed.

*E. C. Dailey* and *Clifford Newton*, for appellant.

*O. T. Webb* and *Percy Gardiner*, for respondent.

PARKER, J.—The defendant Andrew P. Hals, was charged
by information filed in the superior court for Snohomish
county with the commission of a misdemeanor in that he "did
unlawfully take and catch food fishes other than with hook
and line, to wit:—with a gill net, in the Stillaguamish river,
a river flowing into Puget Sound." His trial in the superior
court resulted in conviction and judgment thereon, from which
he has appealed to this court.

Appellant's prosecution and conviction are rested upon the
provisions of the fisheries code of 1915 reading as follows:

"It shall be unlawful, except with hook and line, to take
any of the food fishes mentioned in this act in the Skagit
river about the Great Northern railway bridge across the

'Reported in 156 Pac. 395.

same at Mount Vernon, and in the Snohomish river above the Snohomish wagon bridge, or above the wagon bridge at Riverton in the Duwamish river, and in all other rivers and streams flowing into Puget Sound." Laws of 1915, p. 73, § 20.

Counsel for appellant contend that his conviction under this law in effect violates his property rights secured by his fishing location in the Stillaguamish river, occupied in pursuance of his survey and location thereof under the provisions of Rem. & Bal. Code, § 5214 (P. C. 191 § 81), being a part of the former law relating to food fishes, and reading in part as follows:

"Every person, firm or corporation being the owner, holder or occupant of any one or more existing set net, fish-trap or pound net locations when this act takes effect, shall have the exclusive and preference right for ninety days thereafter within which to file such maps with the respective county auditors. From and after the filing of any such map in the office of any county auditor, the occupant or claimant of the fishing location thereon shown, and his heirs, successors and assigns shall have the exclusive right to occupy, maintain and fish such location, to renew the licenses therefor, and to mortgage, sell and transfer such right, during such time as he or they shall comply with the requirements of the law of the state of Washington, pertaining thereto in other respects."

These provisions, among others of the former law, were expressly repealed by the fisheries code of 1915 above quoted from. We shall assume that appellant acquired all of the rights in his fishing location which could be acquired by him by compliance with the former law, and that his conviction in this case was for the taking of fish with a gill net from that location.

Counsel for appellant proceed upon the theory that appellant's right to the fishing location and to take fish therefrom became, by virtue of his survey, location, and occupancy thereof under the former law, a property right which could not thereafter be disturbed or taken from him without compen-

sation, by repeal of the law under which he acquired the right. We are quite unable to see that the right secured to appellant through his location made under the former law, amounted to anything more than a mere license from the state. We think it was not a grant from the state passing an irrevocable privilege to either occupy or take fish from the location. Nothing could seem plainer than that a general license to fish in the waters of the state is not irrevocable, and it seems equally plain to us that a license or privilege acquired by appellant to occupy this particular fishing location is equally revocable by repeal of the law under which it was acquired and the enactment of new and other regulations pertaining to fishing.

In *Phipps v. State*, 22 Md. 380, 85 Am. Dec. 654, and *Hess v. Muir*, 65 Md. 586, 5 Atl. 540, 6 Atl. 673, the Maryland court dealt with a similar question relative to oyster cultivation upon state lands, and reached conclusions in harmony with this view. We are of the opinion that whatever license or privilege was acquired by appellant by virtue of his compliance with the former law was revoked by the repeal of that law and the enactment of the fisheries code of 1915 containing the penal provision above quoted upon which his conviction rests.

Some contention is made in appellant's behalf that the fisheries code is unconstitutional in so far as the provisions thereof here involved are concerned, in that it unlawfully discriminates between persons, giving privileges to some which are withheld from others under like conditions. This contention seems to be rested upon the theory that the unlawful discrimination consists in allowing fishing with gill nets and other appliances other than hook and line in certain portions of the Skagit river, the Snohomish river, and the Duwamish river, while such privilege is withheld from being exercised in other rivers flowing into Puget Sound. This contention is fully answered by our decision in *State v. Tice*, 69 Wash. 403, 125 Pac. 168, 41 L. R. A. (N. S.) 469; *Cawsey*

*v. Brickey*, 82 Wash. 653, 144 Pac. 938, and *Barker v. State Fish Commission*, 88 Wash. 73, 152 Pac. 537, holding that such classification is not a discrimination as between persons and not violative of any constitutional right.

The judgment is affirmed.

Morris, C. J., Main, and Holcomb, JJ., concur.