[No. 13653.  Department One.  March 16, 1917.]

GEORGE LONGMIRE *et al.*, *Respondents*, v. YAKIMA HIGHLANDS
IRRIGATION & LAND COMPANY, *Appellant*, WILLIAM J.
KING *et al.*, *Interveners.*[1]

APPEAL—REVIEW—FINDINGS.  Findings upon conflicting evidence
will not be disturbed on appeal where the court cannot say that they
are against the weight of the evidence.

WATERS AND WATER COURSES—DIVERSION—IRRIGATION—RIPARIAN
RIGHTS.  Flood waters, of annual occurrence with practical regu-
larity, used for years on riparian lands, cannot be diverted by an
upper proprietor for use in irrigating nonriparian lands to the sub-
stantial damage of the riparian owners.

SAME—DIVERSION—REMEDIES—INJUNCTION.  Injunction lies to re-
strain the diversion of waters from nonriparian lands, and lower
riparian owners will not be relegated to their remedy at law merely
because the dam for the diversion was nearly completed, where the
dam was on defendant's land and no injury would accrue until the
waters were diverted.

PARTIES—INTERVENTION—TIME FOR FILING.  Where after trial, the
findings and judgment were signed and placed in escrow under stipu-
lation, a petition for intervention made three years thereafter is
properly denied, under Rem. Code, § 202, providing that any person
may before trial intervene in an action, and § 203 providing that no
intervention shall be cause for delay in the trial.

Appeal from a judgment of the superior court for Yakima
county, Preble, J., entered March 21, 1916, in favor of the
plaintiffs, in an action to enjoin the diversion of the waters
of a creek used for irrigation purposes, tried to the court.
Affirmed.

*Englehart, Rigg & Venables* and *Williamson & Luhman*,
for appellant.

*H. J. Snively*, for respondents.

*Morton T. Hunter*, for interveners.

MAIN, J.—By this action, the plaintiffs sought to have the
defendant restrained from interfering with the flow of the

water in Wenas creek. The trial resulted in a judgment restraining the defendant from impounding the waters of the creek for use upon nonriparian land. From this judgment, the defendant appeals.

Wenas creek is a small stream which rises on the east slope of the Cascade mountains, and flows in a southeasterly direction for a distance of forty or fifty miles, where it empties into the Yakima river. The valley through which this creek flows is from a quarter of a mile to a mile and a half in width. The banks of the creek are low, and the valley land is level. Sometime between the months of February and May, each year, flood or freshet waters flow down the creek, owing to the melting snow in the mountains. Some years, during this high water, the valley lands are overflowed, and there is a deposit of sediment thereon which enriches and fertilizes the land. Other years, the water fills the channel of Wenas creek, but does not overflow. Extending out from the creek, and in various directions through the land, there are depressions, or natural channels. These, during the greater portion of the year, are dry, but when the water rises in the creek they are filled, and thus afford lateral sub-irrigation to the land. Some surface ditches are also made use of, constructed for the purpose of aiding in the process of irrigation. The respondents are owners of lands which are riparian to the creek. Either they or their predecessors in interest have occupied the lands since prior to the year 1880. For many years these farmers depended upon the high or flood waters of Wenas creek for lateral subirrigation, and for the fertilizing effect of the overflow on the lands.

Sometime prior to the institution of this action, the appellant acquired a large number of acres of land which were riparian to the creek, and also acquired a large number of acres of land which were not riparian to the creek. For the purpose of storing water to irrigate both its riparian and nonriparian land, it began the construction of a dam across Wenas creek some miles above the lands owned by the re-

spondents. The purpose of the construction of this dam was to create a storage basin or reservoir of sufficient size to impound three thousand acre feet of water. At the time of the trial of the action, the dam was almost completed. The trial of the cause began on the 21st day of January, 1913. On March 18, 1913, the trial court, in a memorandum opinion, announced a decision in favor of the respondents, to the extent that the water could not be impounded for use upon nonriparian land. Thereafter, findings of fact, conclusions of law, and a judgment were prepared and signed by the court. After these findings, conclusions, and judgment had been signed, they were not filed. The parties to the action entered into a stipulation which recited that the appellant had purchased the lands of the respondents, and that the findings, conclusions, and judgment, together with the contract of purchase, should be placed in escrow, with the provision that, if default was made in the payments called for by the contract, the papers should be withdrawn from escrow and placed on file.

On September 24, 1915, the respondents, claiming that the appellant was in default in its payments, moved in the cause for the entry of a decree. On February 11, 1916, certain parties who had purchased land from the appellant, together with a water right, filed a petition for leave to intervene, and an *ex parte* order was entered allowing such intervention. On March 21, 1916, the findings, conclusions of law, and a judgment were entered. On March 29, 1916, a motion was made to strike the petition in intervention, and on April 20, 1916, an order was entered striking such petition. The judgment entered restrained the appellant from impounding the waters of Wenas creek for the purpose of using the same upon nonriparian land. The appellant's rights as a riparian owner are not involved in this proceeding. The appeal is for the purpose of reviewing the judgment which denied the right to impound the waters for use upon nonriparian land. The

interveners appeal from the ruling of the court upon the petition for intervention, and also from the judgment.

The principal, and, as we view it, the controlling question is whether the impounding of three thousand acre feet of water during the flood or freshet season each year will work a substantial injury to the respondents as lower riparian owners. Upon this question, many witnesses were called and testified for the respective parties. The testimony, as is usual in such cases, was conflicting. The trial court found that the annual impounding and storage of water in the reservoir would diminish the water flowing onto the lands of the respondents approximately in the amount impounded, and would work substantial damage to the respondents by diminishing the lateral subirrigation and the fertilizing of such lands, and would diminish the respondents' profitable use of their lands, and greatly depreciate the market value thereof. After careful consideration of all the evidence, we are unable to say that this finding of the trial court is not sustained by the weight of the evidence. This being true, under the well-known rule, the findings of the trial court upon the facts cannot be disturbed. No authority has been cited, and we think none can be found, which would sustain a proposition that an upper riparian owner could divert or arrest the flow of waters in a stream for use upon nonriparian land, to the substantial injury of a lower riparian owner, without making compensation. The appellant, however, claims that the water which it is seeking to impound was from the annual flood or freshet waters, and that the lower riparian owners had no legal right in and to the use of such waters. The flood waters of Wenas creek were of annual occurrence. It is true that in some years the water would rise higher than in others. It may be that the rule is, if the flood waters sought to be impounded were unprecedented and extraordinary, that the respondents had no right therein, but, under the facts in the case, the floods or freshets occurred annually with practical

regularity, and therefore cannot be said to be unprecedented
or extraordinary.

Taking the facts as found by the trial court, and as we
believe the evidence sustains, this case cannot be distinguished
from the case of *Still v. Palouse Irrigation & Power Co.*, 64
Wash. 606, 117 Pac. 466. In that case, a riparian owner
sought to enjoin the construction of a dam across the mouth
of Rock lake for the purpose of utilizing the lake as a stor-
age reservoir. The outlet of this lake was Rock creek. The
plaintiffs were the owners of lands riparian to this creek.
They claimed the right to the annual flood waters of Rock
creek, for the purposes of irrigation and fertilization from
the overflow. It was there held that the annual flood waters
of Rock creek were not extraordinary and unusual, but a
natural condition, and that such waters being substantially
beneficial to the plaintiffs, they could not be impounded to
their detriment. The appellant seeks to distinguish the *Still*
case, but we are unable to draw any substantial distinction
between that case and the present one. If there be any dif-
ference, the facts in the case now before us are stronger in
support of the judgment of the trial court than were the
facts in that case. The appellant cites the case of *Gallatin
v. Corning Irrigation Co.*, 163 Cal. 405, 411, 126 Pac. 864,
Ann. Cas. 1914A 74, as supporting its contention. That
case, however, is distinguishable. There, it was held that
the flood waters over which the controversy arose were of no
substantial benefit to the riparian owner, or to his land, and
were not used by him. The question there was whether flood
waters could be diverted to the use of nonriparian lands,

"Where no use is made of such waters on the riparian land
and no benefit accrues to riparian land from their passage
over the bed of the stream, and no damage is caused to the
riparian land from the proposed diversion."

Under the facts in the case here for determination, the
respondents made use of the flood waters, and the impound-
ing of the same by the appellant in its storage basin would

work a substantial damage, and materially depreciate the value of the land.

The appellant also claims that, since the dam was almost completed at the time of the trial, the respondents should not have been given an injunction, but should have been required to resort to an action for damages. In this connection, the case of *Domrese v. Roslyn,* 89 Wash. 106, 154 Pac. 140, is cited, where it was held that a public service corporation would not be enjoined from taking property which it puts to a public use, when the taking is complete, but that in such case, resort must be to an action for damages. The rule of that case, and other like cases, is not applicable here, for the reason that the judgment in this case only restrains the impounding of waters to be used upon nonriparian land. There is no injunction against impounding water for use upon the appellant's riparian land. In fact, that question is expressly reserved by the judgment. The dam in this case was constructed upon the land of the appellant, not upon the land of the respondents. The taking was not complete, but would occur in the future when the water was impounded. The erection of the dam invaded no right of the respondents. Their rights would only be affected when the flow of the water was interfered with.

As to the interveners' appeal, little need be said. Section 202, Rem. Code, provides that any person may, "before the trial," intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either party, or an interest against both. Section 203, which defines the practice for intervention, concludes with a proviso that no intervention shall be cause for delay in the trial of an action between the original parties thereto. In this case, the trial of the cause was begun on the 21st day of January, 1913, and was concluded some days thereafter. The trial court rendered its decision in writing on the 18th day of March, 1913. The petition in intervention was filed on the

11th day of February, 1916, and approximately three years after the trial occurred. The only issue to be tried, when the intervention took place, was whether the findings, conclusions, and judgment, should be withdrawn from escrow—where they had been deposited by stipulation of the parties—and regularly filed. Upon this state of the record, it was not abuse of discretion on the part of the trial court to strike the intervention. *Schnebly v. Rehmke*, 78 Wash. 565, 139 Pac. 596.

There being no error in the striking of the complaint in intervention, the other questions presented by the interveners are not here for review.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.