[No. 14286.    Department Two.    February 6, 1918.]

AUGUSTIN HABERMANN *et al., Appellants,* v. ELLENSBURG GAS & WATER COMPANY, *Respondent.*

JAMES FERGUSON *et al., Appellants,* v. ELLENSBURG GAS & WATER COMPANY, *Respondent.*[1]

WATERS AND WATER COURSES—DIVERSION—INJUNCTION—ESTOPPEL —REMEDY AT LAW. Where a public service corporation supplying a city with water completed its works and diverted the water before trial of an action to enjoin the same, in which no temporary injunction was issued, the action must fail and the riparian owners, although they brought suit about the time work started, will be relegated to their remedy by action for damages.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered January 6, 1917, in favor of the defendant, dismissing consolidated actions to enjoin the diversion of the waters of certain streams, tried to the court. Affirmed.

*Edward Pruyn* and *E. E. Wager,* for appellants.

*Carroll B. Graves* and *John H. McDaniels,* for respondent.

MOUNT, J.—These two cases were consolidated for the purpose of trial and appeal. At the close of the cases, the trial court denied injunctive relief and dismissed the actions without prejudice to the rights of

[1]Reported in 170 Pac. 571.

the appellants to prosecute an action at law for damages against the respondent.

It appears that two streams have their origin in the mountains of Kittitas county. One of these streams, known as Wilson creek, enters the valley from a canyon and flows in a southeasterly direction a short distance. The other stream, known as Nanum creek, enters the valley from a canyon adjacent to Wilson creek and flows in a southwesterly direction for a distance of about a mile, where it unites with Wilson creek, and these two streams and their waters commingle and flow together as a single stream for a distance of about a mile, and then separate. The branch flowing to the east is called Nanum creek, and the one flowing to the west is called Wilson creek. Wilson creek flows through the lands of appellants Habermann. Nanum creek flows through the lands of Ferguson *et al.* The lands of the appellants Habermann are situated on Wilson creek some distance below where the two creeks divide. Some distance below the lands of Habermann on Wilson creek are lands owned by one Sander. The waters in Wilson creek, below where the streams divide, were adjudicated by a decree entered in the superior court of Kittitas county in the year 1890, in the case of Sander v. Jones, et al. By that decree, Sander was entitled to the use of 1,075 inches of the waters of Wilson creek, and appellants Habermann were decreed to be the owners of a small quantity of the waters, subject to the prior rights of Sander. In the year 1892, Sander and wife, by deed, conveyed to the Ellensburg Water Supply Company, the predecessor in interest of the respondent corporation, 225 inches of the waters of Wilson creek, and respondent, its successor in interest, from the date of the transfer of the waters, has used the same, or a large portion thereof, to supply the city of Ellensburg and its in-

habitants with water for domestic and other purposes. The waters of Wilson creek were diverted to supply the city of Ellensburg, by respondent and its predecessor in interest, at a point about three miles south of the lands of the appellants Habermann and on the lands of Sander, situated about one and one-half miles north of the city of Ellensburg. This point of diversion was used for about twenty years. In the latter part of November, 1911, the respondent changed the point of diversion of the waters of Wilson creek from a point on the lands of Sander to a point about eight miles above on Nanum creek, where that creek leaves the canyon and flows into the open valley, and above the point where the waters of Wilson and Nanum creeks unite. This point is about eight miles above the lands of the appellants. Respondent appropriated the 225 inches of water and diverted the same from Nanum creek by means of pipes which convey the water into its reservoir and into the city of Ellensburg.

After the respondent had made preparations for removing the point of intake, but before the change had been made, appellants brought these actions to enjoin the respondent from changing the point of diversion or diverting any of the water from Nanum creek or Wilson creek above the lands of the appellants. The respondent is a public service corporation supplying the city of Ellensburg and its residents with water, and has, at about $50,000 expense, changed the place of intake to a point higher up the creeks than the first point of diversion. The appellants Habermann brought their action for an injunction on the ground that the change of diversion would increase the aridity of their lands and lessen or prevent the flow of any waters in the stream through appellants' lands and deprive them of sufficient water for stock and domestic purposes. Appellants Ferguson *et al.* asked for injunctive relief

to prevent the respondent from changing its point of intake or diverting any of the waters of Nanum creek above their lands. These actions were brought about the time the respondent began the work of making the change, but were not tried and judgment was not entered until January 6, 1917. No temporary restraining order was issued and none was applied for. The trial court, under these facts, was of the opinion that the case was controlled by the rule in *Domrese v. Roslyn,* 89 Wash. 106, 154 Pac. 140, and cases there cited, and concluded that, if the appellants had any remedy, it was a remedy in an action for damages. The appellants insist that the case is controlled by the rule in *Longmire v. Yakima Highlands Irr. & Land Co.,* 95 Wash. 302, 163 Pac. 782. It will be noticed that the respondent is a public service corporation supplying water to the city of Ellensburg and its inhabitants for domestic and other purposes. The work of removing the intake has long since been completed and the respondent is now supplying water to the city of Ellensburg and its inhabitants. In the case of *Domrese v. Roslyn, supra,* we said:

"Granting, but without deciding, that appellant has a cause of action, the only question with which we are concerned is whether she has a remedy in equity. Respondent might, at the time of its trespass, if it was a trespass, have maintained an eminent domain proceeding. It might have condemned all of the interest of the appellants in the waters of Cedar creek. It did not do so, but did complete its water system and put the waters of the stream to a public use."

Then, after considering several cases from this court, we held that equity would not afford a remedy by injunction. The same is true in this case. The respondent is a public service corporation. It might have maintained an eminent domain proceeding and acquired whatever rights the appellants had to the

waters of these streams. It did not do so, but it changed the intake and placed the same at a point higher up the streams, has completed its system at great expense, and is now supplying the city of Ellensburg with water. It is true the appellants brought their actions about the time the respondent started the work of removing the intake, but respondent was not restrained and the trial of the actions was delayed until after the work was fully completed and the respondent was occupied in its public service. The case of *Longmire v. Yakima Highlands Irr. & Land Co.,* *supra,* is distinguished from the *Domrese* case in the *Longmire* case, where we said:

"The rule of that case [*Domrese v. Roslyn*], and other like cases, is not applicable here, for the reason that the judgment in this case only restrains the impounding of waters to be used upon nonriparian land. There is no injunction against impounding water for use upon the appellant's riparian land. In fact, that question is expressly reserved by the judgment. The dam in this case was constructed upon the land of the appellant, not upon the land of the respondents. The taking was not complete, but would occur in the future when the water was impounded. The erection of the dam invaded no right of the respondents. Their rights would only be affected when the flow of the water was interfered with."

This case is further distinguished from the *Longmire* case by the fact that the respondent here is a public service corporation and has put the property to a public use and the taking is complete. We are satisfied that this case is governed by the rule in the *Domrese* case rather than by the rule in the *Longmire* case, and that, if the appellants have any remedy, it is a remedy for damages rather than for injunction.

The judgment of the trial court is therefore affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.