[No. 14406.  Department Two.  May 4, 1918.]

E. L. IRWIN, *Respondent,* v. J. K. LUMBER COMPANY, *Appellant.*[1]

EMINENT DOMAIN — WRONGFUL TAKING — INJUNCTION. Injunction does not lie to restrain a public service corporation from using lands acquired by it for and already put to public use; but the complaining party will be left to his remedy at law.

Appeal from a judgment of the superior court for Skamania county, Darch, J., entered March 15, 1917, upon findings in favor of the plaintiff, in an action for· an injunction, tried to the court.  Reversed.

*Douglas, Lane & Douglas* and *Guy C. H. Corliss,* for appellant.

*Miller & Wilkinson,* for respondent.

CHADWICK, J.—Respondent is the owner of a license to fish in the waters of the Columbia river at a place abutting the riparian land of the appellant.  Appellant is the owner of timber lands lying back from the river, and has acquired lands bordering on the shores of the stream for the purpose of making its terminals, log dumps and booming grounds.  It constructed a logging railway from the river into the interior, and has erected its trestles, dumps and booming grounds along the shores and, as respondent contends, over his fishing grounds, to the exclusion of his right to set his nets and maintain his fishery.

It is unnecessary to go into the merit of the case. Appellant is a public service corporation having the right of eminent domain, and having erected its terminal works and having put them to its corporate uses, the courts will not interfere by injunction, but will leave

[1]Reported in 172 Pac. 911.

the complaining party to his remedy at law. The case falls within the rule first insinuated in *Colby v. Spokane*, 12 Wash. 690, 42 Pac. 112, then declared in *Kakeldy v. Columbia & Puget Sound R. Co.*, 37 Wash. 675, 80 Pac. 205, and adhered to in a long line of decisions.

"In the interest of public policy, this court has held that the state or a municipal corporation, or a corporation exercising the privileges of the sovereignty, will not be ousted if it has wrongfully taken possession of the land and is, in fact, devoting it to a public use. The owner will be left to his remedy at law to recover damages. The cases are collected in *Domrese v. Roslyn*, 89 Wash. 106, 154 Pac. 140." *State ex rel. Peel v. Clausen*, 94 Wash. 166, 162 Pac. 1.

The wrong, if any, being only in the manner of taking, equity will afford no remedy. The judgment of the lower court is reversed, with directions to dismiss without prejudice to the right of plaintiff to maintain an action at law.

ELLIS, C. J., MOUNT, MAIN, and HOLCOMB, JJ., concur.