[No. 16675.  *En Banc.*  February 24, 1922.]

ELLENSBURG ICE & COLD STORAGE COMPANY, *Appellant,*
v. THE CITY OF ELLENSBURG, *Respondent.*[1]

WATERS AND WATER COURSES (42)—DIVERSION—PRIOR APPROPRIA-
TION—REMEDIES—INJUNCTION. A prior appropriator of the waters of
a stream is entitled to an injunction against appropriation by an-
other, where the taking by the latter is not sufficiently complete
and definite to afford a measurement of the damages suffered by
the prior appropriator.

Appeal from a judgment of the superior court for
Kittitas county, French, J., entered May 17, 1921, in
favor of the defendant, dismissing an action for an in-
junction and for damages, tried to the court. Reversed.

*Carroll B. Graves* and *John H. McDaniels,* for ap-
pellant.

*Ralph Kauffman,* for respondent.

HOLCOMB, J.—This is an action against the respond-
ent, praying for a perpetual injunction, and for dam-
ages caused by, and incident to, repeated past tres-
passes on the part of respondent in and to the waters
of the Yakima river, appropriated by appellant and its
predecessors.

The issues were presented by amended complaint,
answer thereto, and a reply. Upon the trial of the
case, counsel for appellant made an opening statement
to the trial court of the facts, and upon the opening
statement, respondent moved for judgment upon the
pleadings and the opening statement.

The amended complaint, in substance, alleges an
appropriation of water from the Yakima river in the
year 1887 by the predecessors in interest of appellant,
and the application of that water to the beneficial use

[1]Reported in 204 Pac. 776.

of developing power for the operation of a flour mill, and that this appropriated right, by *mesne* conveyances, was conveyed to appellant, and that the waters so appropriated have been applied ever since 1887 to the use for which appropriated; and that the city, by repeated trespasses, has unlawfully interfered with appellant's rights, and threatens to continue so to do unless restrained, to the injury and damage of appellant. The prayer was for perpetual injunction, and for damages caused by, and incident to, past trespasses.

The answer admits that the city claims some right, title, interest and estate in and to the waters of the Yakima river adverse and superior to the rights of plaintiff, and alleges facts showing an intention to appropriate the waters of the Yakima river to a beneficial use, and an actual diversion thereof, and the application of the water so diverted to a beneficial use. There is no allegation of any taking or condemnation, formal or informal, of the private appropriated rights of appellant; nor is it claimed that the city ever had, or now has, an intent to condemn any right claimed or possessed by appellant. Neither is there any allegation that appellant is estopped by its acts, or has acquiesced in any of the acts of the city.

Appellant claims that, under the issues so framed, there is presented an ordinary case of a suit to determine and adjudicate the prior rights of appropriators from a stream. Respondent relies upon appropriation from the same stream.

From the allegations of the amended complaint, and the opening statement of counsel for appellant, it appears that appellant's canal is taken out on the east side or left bank of the river about four miles from Ellensburg. In 1903 the city dug a canal on the west side or right bank of the river, conducting the water

and running its canal for some distance to a power plant which was constructed and built later for the generating of electric power. Leaving the power plant, the water flows down a canal and into the Yakima river at a point below the intake of appellant's ditch, and on the west side of the river, so that a goodly portion of the river is taken up by respondent's canal and carried past appellant's intake, and then the water, after being used, again joins the flow of the river. Again, in about the year 1911 or 1912, the city enlarged its power canal, and enlarged and increased its use for electric power for the purpose of pumping water for its water system. In these years, for the first time, it installed a water system, the city having theretofore received its water supply from a private corporation.

The Yakima river is a stream of inconstant flow. During the spring and early summer months, when the lower snow fall is melting, the river runs a very strong and constant flow. In the late summer and fall months it gets very low. It is impossible to determine what the flow of the stream is going to be in a given season, for the reason that some seasons there is little snow in the mountains, and other seasons there is more. Appellant claims that it was impossible to determine whether the additional appropriations and use made by the city in 1911 and 1912 would injure it until about 1917, when it first discovered certainly that its flow of water was decreased by reason of the appropriation by the city, and this action was then begun. During the low water season the diversion by the city makes it impossible for the appellant to obtain enough water through its canal to operate its mill successfully, and is unable to know whether it will be able to manufacture its grain products. It is always a matter of con-

jecture and speculation as to whether there will be sufficient water at any season of low water for appellant to operate its mill. The city at all times had knowledge of the operations of appellant and of the operation of its canal. Appellant states that the object of this suit is, in the first instance, to obtain injunctive relief framed in any manner that the court may see fit by decree, so as to allow the city ample use of this water at times when there is sufficient for both, and at periods when the water is too low, that appellant is to have the use of that water as a prior right to that of respondent, when the respondent will be driven to the use of an auxiliary steam plant which it has.

The errors claimed by appellant are: that the court erred in holding that appellant was not entitled to injunctive relief, and rendering judgment in favor of respondent.

Respondent concedes most of the facts in the case, and concedes that appellant's appropriation of the water was first in time, and that if respondent were other than a public corporation using the waters in a public utility service, and having the right of eminent domain, appellant would be entitled to a decree quieting its title to such first right, and injunction in aid thereof; but claims that the taking by the city has been complete, it taking and using the entire flow of the water in low water season.

Appellant claims that the taking of the water by respondent has not been a complete taking, but is only a partial and intermittent taking and of uncertain quantities, so that there can be no measurement of the damages for the appropriation thereof until the city has defined and determined its use and right therein; that there should be a decree adjudicating the rights to the water according to the prior rights of the parties.

Respondent relies upon our cases: *Domrese v. Roslyn,* 89 Wash. 106, 154 Pac. 140; *Habermann v. Ellensburg Gas & Water Co.,* 100 Wash. 229, 170 Pac. 571; *Kakeldy v. Columbia & P. S. R. Co.,* 37 Wash. 675, 80 Pac. 205; and *Thorberg v. Hoquiam,* 77 Wash. 679, 138 Pac. 304, to the effect that injunction does not lie in such a case as this, and that appellant is relegated to its action in damages.

The *Habermann* case has some resemblance to this case. There a public service corporation supplying the city of Ellensburg with water completed its works and diverted the water before trial, and in an action to enjoin the diversion, in which no temporary injunction was issued, it was held that the action must fall and the riparian owners, although they brought suit about the time the work started, were relegated to their remedy by an action for damages. It will be observed that that case was one wherein the plaintiffs were riparian owners, and the diversion of the water by the defendant had been complete so that the damages were accrued and defined. This is a case where the plaintiff is a prior appropriator, and, as we view it, the taking is not complete and definite and should be defined by the appropriator.

This case is also to be distinguished from the *Domrese* and other like cases, because in the *Domrese* case there had been an actual taking of a riparian ownership in waters after the right of way had been granted to the city for its pipe line across the plaintiff's premises for the purpose of diverting the waters for a city water supply, and there were elements of acquiescence and waiver on the part of the riparian owner. In the statement which constitutes the facts before us in this case, there are no elements of acquiescence and waiver.

The situation in this case is more analogous to that shown in *Longmire v. Yakima Highlands Irrigation &*

*Land Co.,* 95 Wash. 302, 163 Pac. 782, where the taking was not complete and the erection of the dam invaded no rights of the plaintiffs. Their rights would only be affected when the flow of the water was interfered with. True, in that case the taking was not complete because it would occur only in the future when the water was impounded. In this case the taking is not complete because it only occurs intermittently in each low water season. The erection of the city's diversion works invaded no right of appellant.

Under the facts in this case, and the rule laid down in the *Longmire* case, we are of the opinion that appellant shows a cause of action, and that it is entitled to an injunction, the injunction to be suspended for sixty days after the going down of the remittitur in this case, during which time the respondent may institute an action in eminent domain to condemn and appropriate the quantity of water under appellant's appropriation necessary for its use, and ascertain the damages.

Reversed, and remanded with instructions to proceed in conformity herewith.

PARKER, C. J., TOLMAN, FULLERTON, MAIN, MACKINTOSH, MITCHELL, and BRIDGES, JJ., concur.