[No. 16892. Department Two. March 16, 1922.]

E. L. IRWIN, *Respondent,* v. J. K. LUMBER COMPANY
*et al., Appellants.*[1]

FISH (6)—LICENSES—RIGHTS UNDER. Rights acquired under a roving fishing license, although fixed by a definite location and survey, are not vested rights in real property.

LIMITATION OF ACTIONS (19, 19-1)—INJURY TO OR TAKING OF PROPERTY. An action against a public service corporation for destruction of or injury to a fishing location, occupied under annual state licenses, is subject to the three-year statute of limitations [Rem. Code, § 159] for injuries to personal property or other injury to the person or rights of another, whether considered as an action in tort, or one of implied contract for taking property without condemnation and prepayment of compensation.

SAME (65-1)—TOLLING—NEW ACTION AFTER FAILURE OF FORMER ACTION. Rem. Code, § 173, tolling the statute of limitations in case a judgment for the plaintiff be reversed if an action be commenced within one year thereafter, does not apply where no cause of action was stated or existed when the first cause of action was commenced; hence limitations upon an action for damages to a fishing location are not tolled by plaintiff's prior injunction suit in which judgment for plaintiff was reversed on the ground that injunction did not lie against the public service company.

Appeal from a judgment of the superior court for Skamania county, Kirby, J., entered June 15, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Platt & Platt, Montgomery & Fales,* and *Corwin S. Shank,* for appellants.

*Miller, Wilkinson & Miller,* for respondent.

MACKINTOSH, J.—The respondent was the owner of certain fishing rights in the Columbia river, which he used under a yearly license procured from the state department of fisheries, and he alleges that, in the

[1]Reported in 205 Pac. 424.

fall of the year 1913, the defendants, or their predecessors, constructed in the Columbia river a trestle and booming ground which destroyed the value of his fishing location. This action was commenced in 1919, for the purpose of recovering for damages thus suffered, and resulted in a judgment in respondent's favor, from which the appellants have prosecuted this appeal, arguing the defense of the statute of limitations, which they claim bars the respondent's right of action.

The respondent has had, every year since 1910, a license from the state which allows him to fish during the fishing season each year, and while the license makes no reference to any location, yet, under the law, the respondent, if he has located in a definite place, made and filed a survey thereof and posted proper notices, and has fished the location as provided by law, then, under the law, he has a right to continue at such location. A determination of the nature of this right owned by the respondent is necessary in order to apply the proper statute of limitations to this action.

This court has held that the rights acquired under license and location are not real property rights and create no interest in realty, but are merely licenses and personal rights and personal property. In *Hastings v. Anacortes Packing Co.*, 29 Wash. 224, 69 Pac. 776, the court said:

"The license to fish in the waters of the state which the statute authorizes the fish commissioner to issue is a roving license. It runs only for a limited period —one year—and all rights acquired thereunder cease at the expiration of the license. While under it the holder may locate and occupy exclusively during its life a fixed location, he acquires no title to real property in so doing."

The case of *State v. Hals*, 90 Wash. 540, 156 Pac. 395, dealt with a license and location exactly similar to the ones possessed by the respondent here, and held:

"Counsel for appellant proceed upon the theory that appellant's right to the fishing location and to take fish therefrom became, by virtue of his survey, location and occupancy thereof under the former law, a property right which could not thereafter be disturbed or taken from him without compensation, by repeal of the law under which he acquired the right. We are quite unable to see that the right, secured to appellant through his location made under the former law, amounted to anything more than a mere license from the state. We think it was not a grant from the state passing an irrevocable privilege to either occupy or take fish from the location. Nothing could seem plainer than that a general license to fish in the waters of the state is not irrevocable, and it seems equally plain to us that a license or privilege acquired by appellant to occupy this particular fishing location is equally revocable by repeal of the law under which it was acquired and the enactment of new and other regulations pertaining to fishing."

A literal reading of the complaint would lead one to the conclusion that it was an action in tort to recover damages for the trespass committed by the construction of the trestle and booming grounds. The respondent, however, interprets the complaint differently and apparently tried his case upon another theory, to wit, that the appellants, being public service corporations with the right of eminent domain, have taken and damaged respondent's property without having resorted to an action for condemnation, and that in this suit the respondent may recover compensation for the taking of his private property without payment. The respondent, in his brief, simplifies the questions which we have to determine, by this statement:

"In so far as the question of loss of profits is concerned, while there was testimony submitted upon that point, the respondent's attorneys concluded before the trial ended, that the correct measure of damages was the reasonable value of the property at the time of the taking, and that the question of interest was a matter for the court, and thus our case was tried, the jury awarding $5,000 as the value of the property at the time of the taking in the fall of 1913."

Whether the action is one based upon tort or is such an action as the respondent claims it to be, makes no difference, so far as the statute of limitations is concerned. Either action would be barred by the three-year statute. Subdivision 2, § 159, Rem. Code (P. C. § 8166), provides:

"An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated—"

shall not be maintained after three years.

It is the respondent's contention that his action was not barred for a period of ten years, and relies upon the case of *Aylmore v. Seattle,* 100 Wash. 515, 171 Pac. 659. In the *Aylmore* case the court was considering the application of the statute of limitations where the property taken by the city without condemnation was real property, and held that the property owner was not barred of a right of action to recover the value of the land which had been taken by a municipality for a public use without compensation until such time as he had lost his title by adverse possession, that is, ten years. The case before us, however, as we have seen, does not involve any question of the taking or damaging of real property, and the *Aylmore* case, therefore, could have no application.

But the respondent's case seems to fall directly within the rule announced in *Jacobs v. Seattle,* 100 Wash. 524, 171 Pac. 662, L. R. A. 1918E 131, which was a case brought against the city of Seattle for compensation for the construction of a nuisance, where the city, although having the power of eminent domain, had not condemned the right to interfere with Jacobs' rights. The court there held that subd. 3 of § 159, Rem. Code (P. C. § 8166), applies, and an action to recover compensation for damages resulting from the operation of an incinerator by the city in the exercise of its power of eminent domain, where, however, it had not condemned, is an action not involving real property, but is an action arising from implied contract or liability, the action not being one arising from the taking of the real property, but merely for damaging it.

Respondent calls attention to § 173 of Rem. Code (P. C. § 8180), and claims that the statute of limitations has been tolled by reason of the fact that, in 1916, he instituted a suit in equity against the J. K. Lumber Company, one of the appellants, to enjoin it from using the booming grounds and trestle which had destroyed respondent's rights. That case came to this court on appeal and is reported in *Irwin v. J. K. Lumber Co.,* 102 Wash. 99, 172 Pac. 911, where a judgment in respondent's favor was reversed, and it was held that injunction would not lie to restrain a public service corporation from using lands acquired by it for, and already put to, a public use, and the action was dimissed. The present action was commenced within one year after the reversal of the prior action. We have held in *Ryno v. Snider,* 58 Wash. 457, 109 Pac. 55, that § 173, Rem. Code (P. C. § 8180), does not apply where no cause of action was stated or existed at the time the

first action was commenced, consequently here the respondent can receive no benefit from the section.

The case at bar clearly comes within the three-year statute relating to damages to personal property. The trial court should have granted judgment to appellants dismissing the respondent's case. Its action in failing to do so was error, and its judgment is reversed.

PARKER, C. J., FULLERTON, HOLCOMB, and HOVEY, JJ., concur.