WILLIAM J. MORTIMER et al., as Executors, etc., Respondents, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

An owner of property in the city of New York abutting on a street, through which an elevated railroad has been built, without having acquired his easements therein, may recover damages for depreciation in the rental value thereof caused by the construction and operation of the road, while such premises are in the actual possession of tenants occupying under lease from him.

The owner of such property died after the construction of the road, leaving a will by which he devised the premises to his executors in trust. *Held*, that an action was maintainable by them to recover damages at least to the extent of the diminution of the rental value of the property caused by the road after the death of the testator; that they represented all the rights their testator could have asserted prior to his death and the remedy then existing was not lost or impaired by his death.

An expert in real estate was called as a witness by plaintiffs and asked to give his opinion as to the extent the rental value of the property was diminished per annum by the structure and the passing of trains thereon. This was objected to by defendant's counsel " as improper, irrelevant and immaterial, as assuming that the property has been injured in that way, and as requiring the witness to separate such injury from that due to other causes." The court overruled the objection. *Held*, no error; that the objection made did not present the real objection to the question, *i. e.*, that it sought to substitute the opinion of the witness for the judgment of the jury.

*Roberts* v. *N. Y. E. R. Co.* (128 N. Y. 455), distinguished.

(Argued October 9, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 2, 1891, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and affirmed an order denying a motion for a new trial, and reversed an order of the trial term setting aside a portion of the verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellant. Plaintiffs cannot recover for any interference by defendant with the use or enjoyment of the property in question or of the easements appurtenant thereto, because during the period sued for they did not have the right to such use and enjoyment. (*Doyle* v. *Lord,* 64 N. Y. 432; *Sherman* v. *Williams,* 113 Mass. 481; *Hooper* v. *Farnsworth,* 128 id. 487; *Tobias* v. *Cohn,* 36 N. Y. 363; *Holmes* v. *Seeley,* 19 Wend. 507, 509; *Campbell* v. *Arnold,* 1 Johns. 511; *Eten* v. *Luyster,* 60 N. Y. 252, 259; *Shannon* v. *Burr,* 1 Hilt. 39; Waterman on Trespass, §§ 948, 949, 967; *Tallman* v. *M. E. R. Co.,* 121 N. Y. 125; *Kane* v. *N. Y. E. R. Co.,* 125 id. 181; *Wager* v. *T. U. R. Co.,* 25 id. 533; *Wohler* v. *B., etc., R. Co.,* 46 id. 686.) In no aspect of the case can the recovery of damages for the period prior to May 1, 1885, be justified. (*Arnold* v. *Angell,* 62 N. Y. 508; *Filer* v. *N. Y. C. R. R. Co.,* 49 id. 42; *Porter* v. *Cobb,* 22 Hun, 278.) The exception to expert testimony was sufficiently explicit. (*Dilleber* v. *H. Ins. Co.,* 69 N. Y. 256.)

*John E. Parsons* for respondents. The diminution of rental or usable value occasioned by the wrong of the defendant, is recoverable by those who sustain the loss; in this case, by the plaintiffs. (*Francis* v. *Schoellkopf,* 53 N. Y. 152; *Jutte* v. *Hughes,* 67 id. 26; *Lahr* v. *M. E. R. Co.,* 104 id. 268; Code Civ. Pro. § 1665; *Campbell* v. *Arnold,* 1 Johns. 510; *Wickham* v. *Freeman,* 12 id. 183; *Holmes* v. *Seeley,* 19 Wend. 507; *Wood* v. *City of Williamsburgh,* 46 Barb. 601; *Edwards* v. *Noyes,* 65 N. Y. 125; *Randall* v. *Sanders,* 23 Hun, 611; 87 N. Y. 578; Holt's Nisi Prius Cases, 543; *Wright* v. *Bank of Metropolis,* 110 N. Y. 237; *Uline* v. *N. Y. C. & H. R. R. R. Co.,* 101 id. 98; *Pond* v. *M. E. R. Co.,* 112 id. 186.) The plaintiffs were entitled to recover for the period from June 1; 1882, to May 1, 1885, notwithstanding that Mr. Richard Mortimer, their testator, died on May 30, 1882, having in May, 1880, leased the premises for a period commencing June 1, 1880,

and ending May 1, 1885. (1 R. S. 725, § 35 ; 2 id. 57, § 2 ; *Tallman* v. *M. E. R. Co.*, 121 N. Y. 119.) The fact that the ownership of the plaintiffs, as Mr. Mortimer's executors and trustees, did not commence until his death, and that the lease, at the reduced rental down to May 1, 1885, had been previously made, so that until then there was no reduction of rent during their ownership, does not preclude a recovery of the damages for that period by them. (2 Abb. Law. Dict. 356 ; *Durando* v. *Durando*, 23 N. Y. 331 ; *McCartee* v. *Orphan Asylum*, 9 Cow. 437 ; *Curtis* v. *Burdick*, 48 Vt. 166 ; *Kohl* v. *U. S.*, 91 U. S. 374; *Priest* v. *Cummings*, 20 Wend. 357.) The measure of damages as charged by the court is correct. (*Wager* v. *T. U. R. Co.*, 25 N. Y. 534 ; *Dixon* v. *Clow*, 24 Wend. 191 ; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97.) There was no error in permitting the jury who, by their verdict, had assessed the damages at a fixed sum, with interest, to subsequently include the interest and render their verdict for a total amount. (*Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 537 ; *Moore* v. *N. Y. E. R. Co.*, 126 id. 671 ; *Duryea* v. *Mayor*, etc., 96 id. 477 ; *Mairs* v. *M. R. E. Assn.*, 89 id. 498.) No error was committed in the introduction of evidence. (*McGean* v. *M. R. Co.*, 117 N. Y. 219 ; *Crawford* v. *M. E. R. R. Co.*, 120 id. 624; *People* v. *Gonzalez*, 35 id. 49.)

O'BRIEN, J. The plaintiffs' recovery in this case was for damages sustained in the depreciation of the rental value of certain real estate situated at the corner of the Bowery and Division street in the city of New York, caused, as is alleged, by the construction, maintenance and operation of the defendant's railroad. The plaintiffs' testator, Richard Mortimer, was the owner of the property since the year 1858 to the time of his death May 30, 1882. On the 5th of May, 1880, he leased the property to one Gregg for a term expiring May 1, 1885, so that at the time of his death, this lease had nearly three years to run. This action was commenced July 28, 1886, and damages were demanded in the complaint only from the death of the plaintiffs' testator. Under the instruction of the court, the

jury assessed the damages in two separate sums, namely : From June 1, 1882, to May 1, 1885, the period after Richard Mortimer's death, covered by the lease to Gregg, $14,653.80, and from May 1, 1885, to the commencement of the action July 28, 1886, $5,875.20. The trial court, upon defendant's motion, set aside the verdict for damages, from June 1, 1882, to May 1, 1885. Both parties having appealed to the General Term, the order setting aside the portion of the verdict above described was reversed and the balance of the verdict was, on defendant's appeal, affirmed. The defendant appeals to this court from the judgment entered on the verdict as affirmed by the General Term, and also from the order reversing the Special Term in reducing the verdict. The principal question raised by the appeals is the right of an owner of real estate to recover damages for an injury, such as was proven and found in this case, while the property was in the actual possession of tenants under a lease from such owner. Our decision at this term in the case of *Kernochan* v. *New York Elevated Railroad* (128 N. Y. 559), disposes of that question conclusively against the defendant's contention, and it is only necessary to notice some minor points argued by the defendant. The will of Richard Mortimer devised the real estate in question to the plaintiffs, as executors and trustees, upon certain specified trusts for the benefit of his children. It is contended on behalf of the defendant that the plaintiffs stand in the position of purchasers of the property after the road was put into operation. If this view of the plaintiffs' relations to the property was correct, I am unable to see how it would affect the defendant's liability, since the recent decision of this court in the *Pappenheim* case (128 N. Y. 436). But while it may be true that a devisee in a certain general sense is a purchaser, it would be more correct to say that the plaintiffs, with respect to this property, represented all the rights that their testator could assert against the defendant before his death. There were no negotiations in reference to a purchase, as in other cases, where the price paid is fixed with reference to the existing situation, and all the burdens and disadvantages that the

property is subject to in consequence of its locality, are considered and enter into the agreement of the parties. The title to the property devolved upon the plaintiffs under the will, and they hold it, not in their own right or for their private purposes, but as trustees for certain designated beneficiaries. It is difficult to suggest any sound reason why the remedy that existed in the life-time of the testator should be lost or impaired after the property came to the hands of the plaintiffs in trust for his heirs. The amount of damages sustained was a question of fact. The plaintiffs recovered for the diminution in the rental value during the period covered by the complaint. The cases all agree that this element of loss, at least, is recoverable. (*Tallman* v. *M. E. R. R. Co.,* 121 N. Y. 119–124; *Drucker* v. *Manhattan R. Co.,* 106 id. 157; *Pond* v. *M. E. R. R. Co.,* 112 id. 186; *Lawrence* v. *M. E. R. Co.,* 126 id. 483; *Hussner* v. *Brooklyn City R. R. Co.,* 114 id. 433.)

On the trial the plaintiff's counsel propounded the following question to an expert witness: " Q. To what extent, in your judgment, was the rental value of the property diminished by the structure and the passing of trains from the period June 1st, 1882, down to the commencement of this suit — how much per year? Counsel for the defendant objected to the question as improper, irrelevant and immaterial, as assuming that the property has been injured in that way, *and as requiring the witness to separate such injury from that due to other causes.* The court overruled the objection, and counsel for the defendant duly excepted."

The question recently decided by this court in the *Roberts* case is not raised by the objection. The real objection to this question was that it sought to substitute the opinion of the witness for the judgment of the jury, and this idea is not fairly embraced in the objection. (*Kernochan* v. *M. E. R. R. Co., supra.*)

The judgment and order appealed from should be affirmed, with costs.

All concur, except EARL, J., not voting.

Judgment affirmed.