CHARLES WOOD V. THE MICHIGAN AIR LINE RAILROAD
COMPANY.

[See 81 Mich. 358.]

*Trespass—Statute of limitations—Possession of premises.*

1. A plaintiff cannot recover damages in an action of trespass,
   commenced after the right of action for the original disseisin is
   barred by the statute of limitations, for acts committed after
   such disseisin, and while the defendant was in full possession
   of the land.

2. For a discussion of the other questions involved in this case,
   see *Wood v. Railroad Co.*, 90 Mich.——(51 N. W. Rep. 263).

Error to Jackson. (Peck, J.) Argued January 20, 1892.
Decided February 5, 1892.

Trespass. Defendant brings error. Reversed. The
facts are stated in the opinion.

*Wilson & Cobb (E. W. Meddaugh,* of counsel), for
appellant.

*Dwight D. Root,* for plaintiff.

MONTGOMERY, J. This is an action of trespass,
brought in April, 1887.

The plaintiff alleges in his declaration that the defend-
ant, in March, 1883, entered upon the premises described,
tore down the fences, dug up and displaced the soil, etc.;
and that the defendant has constructed two fences
parallel to the track or road-bed, on either side of the
same, and has used and permitted said road-bed to be
used for the purpose of maintaining and operating a rail-
road and running cars thereon over and across the prem-

ises of the plaintiff, without his license, and against his will.

The case has once been before the Court, and is reported in 81 Mich. 358. On the first trial the declaration was considered as setting forth a cause of action in case, but this Court on appeal held that it must be treated as an action of trespass. It was then said:

"The distinction is material, because of the statute of limitations, which requires all actions for trespass upon lands to be commenced within two years next after the cause of action shall accrue, and not afterwards, while actions on the case may be brought within six years."

On the second trial, the plaintiff, while not permitted to recover for the original ouster, was allowed damages for the continuing trespass for a period intervening between the two years after the original entry and the commencement of suit. It appeared by the testimony that the defendant entered upon the lands, fenced its right of way, and maintained its road and operated trains continuously since December, 1883; and that the entry had been made under an instrument claimed by the defendant to amount to a license. The right of action in trespass for the original disseisin having become barred by the statute, the remedy by trespass cannot be given for acts of defendant committed while in full possession of the premises. Undoubtedly the true owner may rely upod his constructive possession of lands which are not actually occupied, and may have an action for the disseisin against the disseisor to recover not only for the unlawful entry, but for the continuing possession, if the action is brought within two years next after the original entry; but he cannot lie by until the right of action based upon the original disturbance of his possession is barred, and maintain an action distinctively based upon the disseisor's continued holding. Possession in the

plaintiff, either actual or constructive, is essential. *Ruggles v. Sands*, 40 Mich. 560; *Carpenter v. Smith*, Id. 639.

The other questions involved in the case are discussed in the case of this plaintiff against this defendant and the Grand Trunk Railway Company, 90 Mich. — (51 N. W. Rep. 263).

The judgment will be reversed, and a new trial ordered.

MORSE, C. J., McGRATH and LONG, JJ., concurred. GRANT, J., did not sit.