[No. 14353.   Department One.   March 12, 1918.]

REEVES AYLMORE, JUNIOR, *et al., Appellants,* v. THE
CITY OF SEATTLE, *Respondent.*[1]

LIMITATION OF ACTIONS—TAKING PROPERTY FOR PUBLIC USE—AC-
TIONS FOR COMPENSATION.  The right of action by an owner to re-
cover land or its value, when taken by a municipality for a public
use, without making compensation, is not governed by the three-
year statute of limitations, Rem. Code, § 159, subd. 1, relating to
trespass upon real property; since the city acts in its sovereign
capacity and not as a wrongdoer.

SAME.  Nor is such right of action one for the recovery of con-
sequential damages to property not appropriated, covered by the
limitation of Rem. Code, § 165, relating to actions not otherwise
provided for; since the land is not damaged, but taken; and the
owner may maintain an action in the nature of ejectment to obtain
substituted relief until his title to the land is lost by adverse pos-
session.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered May 9, 1917, upon
granting a nonsuit, dismissing an action of ejectment,
tried to the court and a jury.  Reversed.

*S. H. Kelleran,* for appellants.

*Hugh M. Caldwell* and *James A. Dougan,* for re-
spondent.

WEBSTER, J.—This is an action to recover the pos-
session or, in the alternative, the value of property al-
leged to have been taken and appropriated to public
use.

The amended complaint in the cause, which was
commenced on October 17, 1916, alleges, in substance,
that the plaintiffs are the owners of three parcels of
land in the city of Seattle; that, in 1913, the defendant,
without their consent, entered upon and commenced to
improve the property as parts of certain public thor-

[1]Reported in 171 Pac. 659.

oughfares, which improvement was completed and the streets opened for travel in the summer of 1914; that the defendant is now devoting the property to such public use without the plaintiffs' consent, and without having condemned or paid therefor or acquired title thereto, and that, in 1913, the plaintiff, Aylmore, notified the defendant in writing that it was proceeding in the premises without having complied with the law, and requested that an action be instituted for the purpose of condemning and paying for the property, which request was, on October 20, 1913, denied. The prayer is for the recovery of the land, or, in the alternative, that plaintiffs have judgment for its value.

The defendant answered, pleading, among other defenses, the two-year and the three-year statutes of limitation. Thereafter, in due time, the case came on for trial before a jury, and when the plaintiffs called their first witness, the defendant objected to the introduction of any evidence upon the ground that it affirmatively appeared from the amended complaint that the action was barred by limitation, which objection was sustained and judgment of dismissal entered. The plaintiffs have appealed.

Whether the action is barred depends upon which of the various statutes of limitation is applicable to a proceeding of this character. Appellants assert that the action, being one for the recovery of compensation guaranteed by the constitution to the owner of land taken for public use, is not barred until the defendant has acquired title to the property by prescription. Respondent contends that the plaintiffs, having stood by and permitted the city to take and improve the property as portions of public streets, are estopped from maintaining ejectment for the recovery of the land and are restricted to an action for damages, which action

is barred either by subd. 1 of § 159 of the code, relating to actions for trespass upon real property, or by § 165, relating to actions for which provision is not otherwise made.

The precise question thus presented is one of first impression in this court. It is manifest, however, that the action is not governed by the three-year statute. We have repeatedly held that a municipality, in taking private property for public use, acts in its sovereign capacity and not as a trespasser. Having the right to take—whatever its procedure or lack of procedure—it is not a wrongdoer. *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Casassa v. Seattle,* 75 Wash. 367, 134 Pac. 1080; *Domrese v. Roslyn,* 89 Wash. 106, 154 Pac. 140.

Nor is it controlled by the period of limitation applicable to actions for the recovery of consequential damages to property not appropriated. The only sense in which this action may be considered as one for damages is that the amount sued for is unliquidated. The city has not damaged appellants' property, but has actually taken it from them. They are not proceeding to recover for an injury to property, but are seeking to obtain just compensation in the way of payment for private property actually taken and devoted to public use.

The rule applicable to actions for damages, properly so called, is stated in Lewis on Eminent Domain (3d ed.), § 968, in this language:

"Whenever there is an unlawful entry upon property for the purpose of appropriating it to public use, or whenever it is injured by the construction or operation of public works, so as to afford the owner a cause of action, the owner may have redress by any of the appropriate common law remedies, and the general statute of limitations will apply thereto."

While the rule with respect to actions seeking compensation for property actually taken is stated in § 967 of the same work as follows:

"We have seen that where property is entered upon and appropriated to public use without complying with the law, the owner may waive the tort and sue for his just compensation. The same rule applies where the entry is by consent and the question of compensation is left for future adjustment. In such cases the action for just compensation is not barred, except by adverse possession for the requisite period to establish a title by prescription."

The reason for this distinction is perfectly obvious. A corporation possessing the right of eminent domain may acquire property for its public uses in one of three ways only: (a) by purchase; (b) by condemning and paying for the property in the manner provided by law; and (c) by adverse possession for the statutory period. If the right of the owner to recover compensation for property actually taken is barred before the expiration of the prescriptive period, this anomalous situation will result: he will continue to be the owner of the property until he loses his title by adverse possession, yet, during the interval, he cannot exercise a single act of beneficial ownership or do any act to toll the running of the statute. He will be deprived of the use and enjoyment of property which belongs to him, both in law and in equity, while the one who has taken it without title, either legal or equitable, can exercise over it every right ordinarily incident to ownership. We are unable to appreciate a condition where an owner is deprived of all right of enjoyment, while another, who holds no sort of title to the property, may use and deal with it as his own. Title cannot be invested where none has been divested. To hold otherwise is to sanction a custom belonging to an age long since passed which permitted one to acquire property of another

merely by taking it, provided he was strong enough to retain it.

"Where the constitution either expressly, or as interpreted by the courts, requires compensation to be first made for property taken for public use, a law which casts the initiative upon the owner and requires him to prosecute his claim for compensation within a time limited or be barred, is invalid. When under such a constitution property is appropriated to public use without complying therewith, the owner's right to compensation is not barred, except by adverse possession for the prescriptive period." Lewis, Eminent Domain (3d ed.), § 966.

See, also, 2 Nichols, Eminent Domain (2d ed.), p. 958; Randolph, Eminent Domain, § 393; Mills, Eminent Domain (2d ed.) § 346; 10 R. C. L. p. 236.

In the case of *Salt Lake Inv. Co. v. Oregon Short Line R. Co.,* 46 Utah 203, 148 Pac. 439, decided by the supreme court of Utah in 1914, it is said:

"The evidence shows the entry and taking to have been in March or April, 1906. The action was commenced in December, 1912, more than six and less than seven years from the taking. The contention is first made that the action is barred by provisions of Comp. Laws 1907, section 2877, subdiv. 2, which provide that 'an action for waste or trespass of real property' must be commenced within three years. And, if that section is held not applicable, then the further claim is made that the action is barred by the provisions of section 2883, which provide that 'an action for relief not hereinbefore provided for must be commenced within four years.' The complaint is broad enough to recover on the theory stated by the appellant, 'compensation for the taking of private property for public use.' The case was tried by both parties, and was without objection submitted to the jury, on that theory. The pleadings admit a taking for a public use and an exclusive and continuous occupation and possession, without the consent of the plaintiff and without the institution of eminent domain or condemnation proceedings. We

think in such case neither section referred to is applicable, but that the provisions of section 2860 requiring actions or defenses founded on realty to be commenced within seven years are. By those provisions the action is not barred. Our Constitution and statute require compensation to be first made for private property taken for public use; and where property is entered upon and appropriated to public use without complying with the law, the owner may waive the tort and sue for his just compensation. In such case the action is not barred, except by adverse possession for the required period, here seven years.''

See, also, *Lehigh Valley R. R. Co. v. McFarlan,* 43 N. J. L. 605; *McClinton v. Pittsburgh, F. W. & C. R. Co.,* 66 Pa. St. 404; *Organ v. Memphis & L. R. R. Co.,* 51 Ark. 235, 11 S. W. 96; *Board of Levee Com'rs v. Dancy,* 65 Miss. 335, 3 South. 568; *Pawnee County v. Storm,* 34 Neb. 735, 52 N. W. 696; *Kime v. Cass County,* 71 Neb. 677, 99 N. W. 546, 101 N. W. 2; *Doyle v. Kansas City & S. R. Co.,* 113 Mo. 280, 20 S. W. 970; *Texas W. R. Co. v. Cave,* 80 Tex. 137, 15 S. W. 786; *Chicago, R. I. & G. R. Co. v. Johnson* (Tex. Civ. App.), 156 S. W. 253; *Faulk v. Missouri River & N. W. R. Co.,* 28 S. D. 1, 132 N. W. 233, Ann. Cas. 1913E 1130, and note; *Johnson v. Hawthorne Ditch Co.,* 32 S. D. 499, 143 N. W. 959; *Burrall v. American Tel. & Tel. Co.,* 224 Ill. 226, 79 N. E. 705.

We are not unmindful that the authorities are in conflict upon the question here involved, but we are convinced the rule supported by the foregoing authorities is the one sustained by the better reasoning.

While this court has held in numerous cases that a landowner who stands by and permits a corporation to go upon his land and construct thereon an expensive public improvement without having acquired the right so to do, either by agreement or condemnation, is estopped from thereafter maintaining an action in

ejectment or a suit for injunctive relief, but is confined to an action for compensation, yet the application of the principle is no broader than the reason upon which it is based. The rule rests in equitable estoppel and is sustained by considerations of public policy. Where one stands by and sees his property taken and improved at large expense for the convenience and welfare of the public, and thereafter seeks to enjoin such use of the property, or to eject the occupant therefrom, and thus cause great damage to the corporation on the one hand and serious inconvenience to the public on the other, he is justly denied such relief, for the reason that he can be adequately protected by receiving compensation. But it does not follow that he may be permanently deprived of his property without compensation, or that he shall be placed in any worse position, so far as his right to a money judgment is concerned, than he would have occupied had he not acquiesced in the improvement. Where one is aware of the situation and desires to insist upon his strict legal rights, he should proceed without unnecessary delay. If, by his declarations or conduct, he induces another to believe that he does not intend to assert such rights but is willing to waive them for a just compensation, and the other party, in reliance thereon, goes ahead with the improvement in the expectation that payment of a fair compensation will be accepted in lieu of the rights thus surrendered, the courts may thereafter properly refuse to enforce those rights and compel him to accept compensation as fixed by an impartial tribunal. In other words, the failure to pursue appropriate procedure to acquire the property is not fatal to the rights of the party in possession, provided it elects to make full and adequate compensation to the owner, but it cannot hold the un-

disturbed possession of the property of another and
elect not to pay.

As was said by Judge Rudkin in *Slaght v. Northern
Pac. R. Co.,* 39 Wash. 576, 81 Pac. 1062:

"If a judgment in ejectment at law, or decree of in-
junction in equity, would have the effect of stopping
the operation of the railroad, or disabling it from dis-
charging its duties to the public, there would be strong
and controlling reasons why such judgment or decree
should not be awarded. But, if proceedings are stayed
as in this case, and the only effect of the judgment in
ejectment is to compel the railway company to make
compensation for the property taken, we see no valid
objection to such proceeding, on the ground of public
policy or otherwise."

Upon what principle of law, justice or reason can
it be said that, because one clothed with the right to
condemn private property fails to exercise it and, with-
out complying with the law, goes upon the property of
another and carries out its public purposes without
hindrance or interference from the owner, it should
not thereafter be required to do what it should have
done in the first instance—make just compensation to
the owner? Why should the property holder, whose
acquiescence has redounded to the benefit and con-
venience of the taker and whose right to compensation
is in lieu of his property, have any less period in which
to recover the amount due him than he would have had
to reclaim his property had he not thus accommodated
the corporation? Why should a municipality, which
has not exercised a right conferred upon it by the
sovereignty in the manner defined by the author of the
right, gain an additional advantage over a private
owner by virtue of its own unauthorized procedure?

Moreover, to hold that the action for compensation
is barred in two years would be to read an exception in
the ten-year statute relating to the recovery of real

property. The effect of such a decision would necessarily be to permit a title to real property, for all practical purposes, to be acquired by adverse possession for the period of two years, when, in all other cases, it could only be acquired in ten years.

We think it is too plain for serious debate that, while the owner may not, by an action of ejectment, recover the property itself where he has acquiesced in its being taken without condemnation, he may maintain an action in the nature of ejectment to obtain the substituted relief. His right of recovery is founded upon, and grows out of, his title to the land, and until such title is lost by adverse possession, he should have the right to maintain an action to recover that which represents the property itself. Any other view is to sacrifice substance to mere form.

In *Kincaid v. Seattle, supra,* Judge Chadwick said: "The remedy of the one whose property is taken is immaterial so long as it leads to compensation as provided in the constitution." Precisely so. But when the remedy afforded amounts to a denial or a curtailment of such constitutional right, it ceases to be immaterial. Thenceforth it is violence done to the rights of the injured owner, if not to the constitution itself.

While the respondent's position may square with the precept that unto every one that hath shall be given, but from him that hath not shall be taken away even that which he hath, the constitution of Washington will not admit of its application to this class of cases.

We conclude that the case does not fall within the two-year statute, for the reason that it is governed by the limitation prescribed in the ten-year statute. The judgment is reversed.

Ellis, C. J., Fullerton, Parker, and Main, JJ., concur.