[No. 14639.  Department Two.  April 24, 1918.]

MINNA DOMRESE, *Appellant*, v. THE CITY OF ROSLYN,
*Respondent.*[1]

LIMITATION OF ACTIONS—DAMAGING PROPERTY FOR PUBLIC USE—
WRONGFUL DIVERSION OF WATER BY CITY—ACTION ON IMPLIED CON-
TRACT.  The riparian owner's continuing right to take water law-
fully appropriated being a right so far incident to the land as to
be a part of the land itself, a right of action against a city for
wrongfully diverting the water for public purposes without making
compensation is an action on an implied contract or liability, within
Rem. Code, § 159, subd. 3, limiting the same to three years from the
time when the right of action accrued.

Appeal from a judgment of the superior court for
Kittitas county, Taylor, J., entered May 9, 1917, upon
sustaining a demurrer to the complaint, dismissing an
action in tort.  Reversed.

*Kern & Henton,* for appellant.

*Harry L. Brown* and *E. E. Wager,* for respondent.

CHADWICK, J.—The facts in this case are partially
stated in our opinion in the case of *Domrese v. Roslyn,*
89 Wash. 106, 154 Pac. 140.

Plaintiff makes further allegation of fact that, be-
fore the waters of Cedar creek, or Domrese creek, as it
is called in this case, were diverted in whole or in part,
plaintiff had put a part of her lands to crop and had
used the waters of the stream to irrigate them, that
her lands are dry and arid, and that crops cannot be
grown or matured thereon without the use of water.
This action was brought to recover compensation for
the diversion of the water and for the right of way for
the pipe line.  The court held upon demurrer that the
action was barred by the statute of limitations.

[1]Reported in 172 Pac. 243.

A municipality has a right to take of the waters of a stream for the purpose of supplying its inhabitants with water for domestic and other uses. But, like any other public agency, it cannot do so without condemning and making compensation for the loss of the use of the appropriated waters or the extinguishment of the riparian rights, *in toto* or *pro tanto,* of the affected owners. Rem. Code, §§ 8005, 8010-8.

A right to continue to take water lawfully appropriated, or to have water follow its accustomed flow—the riparian right—is a valuable right of property, and is so far incident to the land that it has been held to be a part of the land itself. *Rigney v. Tacoma Light & Water Co.,* 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; *Judson v. Tide Water Lumber Co.,* 51 Wash. 164, 98 Pac. 377; *Still v. Palouse Irr. & Power Co.,* 64 Wash. 606, 117 Pac. 466.

This being so, the case falls squarely within the rule of *Aylmore v. Seattle,* 100 Wash. 515, 171 Pac. 659; see, also, *Jacobs v. Seattle,* 100 Wash. 524, 171 Pac. 662.

Upon the authority of these cases, the judgment of the lower court is reversed, and the cause remanded with instructions to overrule the demurrer and have further proceedings.

ELLIS, C. J., FULLERTON, MOUNT, and HOLCOMB, JJ., concur.