[No. 18032.  Department One.  November 6, 1923.]

## J. H. PRICE et al., Respondents, v. HUMPTULIPS DRIVING COMPANY, Appellant.[1]

LIMITATION OF ACTIONS (19, 19-1)—TAKING OF REAL PROPERTY FOR PUBLIC USE.  An action against a logging company for damages for the taking of land without compensation, by actually washing the lands away and by the use of the banks for roadways, is subject to the ten-year statute of limitations for actions involving title to real property.

APPEAL (395)—PRESUMPTIONS—PLEADINGS.  In the absence of the evidence it will be presumed that the evidence followed the issues and that a plea of the statute of limitations was supported by the evidence introduced.

Appeal from a judgment of the superior court for Grays Harbor county, Hewen, J., entered February 10, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages from the taking of land without compensation.  Affirmed.

*Theodore B. Bruener,* for appellant.
*Gordon & Nolte* and *E. E. Boner,* for respondent.

HOLCOMB, J.—This action was commenced in December, 1921, by respondents, to recover of the appellant compensation under the constitution, in the sum of $62,000, for the taking and damaging by appellant of respondents' lands along the Humptulips river, caused by the operations of appellant in splashing the river,

[1]Reported in 219 Pac. 871.

and in going upon the lands in question for the purpose of driving saw logs down the river. The complaint alleges that some two hundred fifty acres of land had thus been washed away, and appellant has used and occupied the remaining lands for roads over which to move donkey engines, and for engine locations in "sacking" the river, so that respondents were deprived of any beneficial use thereof. Past, present and future damages to the lands bordering on the river, owned by respondents, were included, by reason of the continued operations of appellant.

A demurrer was interposed to the complaint upon the ground that the action was barred by the statute of limitations. The demurrer being overruled, appellant, without waiving its demurrer, filed its answer, in which it set up, as an affirmative defense, that the action was barred by lapse of time. Several affirmative defenses were alleged by appellant, and were put in issue by reply, except as to certain matters, and the cause went to trial before a jury, which awarded damages in favor of respondents in the sum of $4,500. The court instructed the jury that the action was not barred; that respondents could not recover any damages occasioned prior to November 11, 1919, when respondents withdrew the permission they had theretofore granted to appellant to use the river and certain rights thereon. The court also instructed the jury that no damages could be allowed for continuing damages for a period longer than six years after judgment should be rendered in the case, for the reason that appellant had stipulated in open court that, at the end of six years, it would cease its operations upon the river and on the lands in question.

Appellant unsuccessfully moved for judgment notwithstanding the verdict, which, being denied, judgment upon the verdict was entered.

No statement of facts has been brought up to this court, and the three errors claimed by appellant are all based upon the ground that the action is barred by the statute of limitations.

Appellant contends that the action is barred by subd. 3, § 159, Rem. Comp. Stat. [P. C. § 8166], which reads:

"An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; . . . . " [must be brought within three years].

It is contended that this section of the statute was held to apply in *Jacobs v. Seattle,* 100 Wash. 524, 171 Pac. 662, L. R. A. 1918E 131, upon which appellant places its main reliance.

That case was one brought against the city of Seattle for compensation for the construction of a nuisance, where the city, although having the power of eminent domain, did not condemn the right to interfere with Jacobs' rights. The court there held that subdivision 3, § 159, *supra,* applied; and an action to recover compensation for damages resulting from the operation of the incinerator by the city in the exercise of its power of eminent domain where, however, it had not condemned, is not an action involving real property, but is an action arising from implied contract of liability, the action being one not arising from the taking of real property, but merely from damaging it.

On the other hand, respondents contend that this action is governed by the ten-year statute of limitations, § 156, Rem. Comp. Stat., and is governed by the case of *Aylmore v. Seattle,* 100 Wash. 515, 171 Pac. 659, which case was followed approvingly in *Domrese v. Roslyn,* 101 Wash. 372, 172 Pac. 243, and *Irwin v. J. K. Lumber Co.,* 119 Wash. 158, 205 Pac. 424.

In the *Jacobs* case, *supra,* there was a resulting damage to the land. The land itself was left wholly

intact.    Hence it was not an action involving real
property.    In the *Aylmore* case, *supra,* it was held
that the property having been taken by the city with-
out condemnation, was a case involving real property,
and that the property owner was not barred from the
right of action to recover the land which had been
taken by the municipality for a public use, without
compensation, until such time as he had lost his title
by adverse possession, that is, ten years. *Irwin v.
J. K. Lumber Co.,* 119 Wash. 158, 205 Pac. 424.

In the case at bar, the damage was all done, accord-
ing to the allegations of the complaint and reply, sub-
sequent to 1912, and therefore within ten years prior
to the commencement of this action.    The damage
alleged in the complaint in the case at bar consists in
the actual taking of the lands by washing them away,
and by use of the banks for roadways.    The damage
alleged, therefore, is not consequential as flowing
merely from the erection of the dam and the impound-
ing of the water.

We must presume that the evidence followed the
issues tendered by the pleadings in the case, and so far
as this case is concerned, not having the evidence be-
fore us, we can consider nothing else.    Under the issues
thus presented, it is clear that the case falls within the
rule announced in *Aylmore v. Seattle, supra,* and the
subsequent cases following it.    The judgment is there-
fore affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ.,
concur.